UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
HILDA L. SOLIS, Secretary of Labor,     \*
United States Department of Labor,      \*
                                        \*
                           Plaintiff,   \*     Civil Action No.11-c.v. 11611
            v.                          \*
                                        \*
N. TERRY FAYAD, D.M.D., P.C., and       \*                                  :
N. TERRY FAYAD, D.M.D.,                 \*
INDIVIDUALLY,                           \*
                          Defendants.   \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **COMPLAINT**

Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor, brings this action for injunctive and other relief pursuant to §11(c) of the Occupational Safety and Health Act of 1970 (the Act), 29 U.S.C. §651 *et seq.* Section 11(c)(1) of the Act, 29 U.S.C. 660(c)(1), prohibits all persons from discharging or discriminating against an employee for making a complaint or exercising a right under the Act.

## **JURISDICTION**

1.      Jurisdiction of this action is conferred upon the Court by §11(c)(2) of the Act, 29 U.S.C. §660(c)(2).

FACTUAL ALLEGATIONS

2.      Defendant, Dr. N. Terry Fayad, D.M.D., P.C., Massachusetts Identification Number 00719076, 100 Cummings Center, Suite 320B, Beverly, Massachusetts 01915 for the time pertinent herein, was engaged in operating a dental practice within the jurisdiction of this Court.

3.      Defendant, Dr. N. Terry Fayad, D.M.D. owns and operates the identified professional corporation and resides at 83 Cambridge Parkway, West 1203, Cambridge, Massachusetts 02142, within the jurisdiction of this Court.

4.     Rhonda Healey was employed by Defendants from May 2002 to November 2010 as a dental assistant at Defendants' workplace.

5.     Each Defendant was at all times material herein an employer as defined by §3(5) of the Act and a person as defined by §3(4) of the Act.

6.     Healey was at all times material herein an employee as defined by §3(6) of the Act.

7.     Healey's duties consisted of preparing operatories, sterilizing instruments, and cleaning up after completion of dental treatments.

8.     Healey went on maternity leave on September 10, 2010 and returned to work on November 15, 2010.

9.     Prior to her departure on maternity leave on September 10, 2010, Healey's regular and usual practice, as part of clean-up, was to place used, contaminated needles that had been protectively capped by Dr. Fayad in a sharps container.

10. In October, 2010 Dr. Fayad changed the needle disposal procedure by requiring employees to remove the protective caps before putting used contaminated needles in sharps containers.

11. Dr. Fayad changed the procedure so that more needles would fit in sharps containers, reducing the frequency of their disposal by Fayad's disposal service provider and saving Fayad money.

12. This procedure exposed employees to needlesticks and possible infection by bloodborne pathogens such as HIV and hepatitis.

13. This procedure is prohibited by 29 C.F.R. §1910.1030(d)(2)(vii)(A).

14. Healey returned to work on November 15, 2010 and Dr. Fayad told her to comply with his new procedure.

15. Healey did not comply with the procedure on November 15-17, 2010.

16. On November 18, 2010 Fayad demanded that Healey remove used contaminated needles from their protective caps and put the bare point-exposed contaminated needles in sharps containers.

17. This procedure would expose Healey to needlesticks and possible infection by bloodborne pathogens, including HIV and Hepatitis B.

18. On November 18, 2010 Fayad also demanded that Healey remove capped used contaminated needles from a sharps container, remove the caps, and put only the bare point-exposed contaminated needles back in the sharps container.

19. This procedure would expose Healey to needlesticks and possible infection by bloodborne pathogens, including HIV and Hepatitis B.

20. Healey told Fayad that the procedures he demanded that she perform made her uncomfortable, that cap removal was unsafe, that it posed a health hazard, and that she feared a needlestick and exposure to HIV and Hepatitis B.

21. Fayad brought his office-manager/wife Laura Mancini into the confrontation, Healey repeated her concerns, and Mancini she told Healey that Healey had to do what Fayad wanted because it was her job.

22. Healey asked whether they wanted her to leave, Mancini said that Healey had to leave, and Healey left.

23. Healey's refusal to expose herself to needlesticks and possible infection by bloodborne pathogens constituted a justified work refusal under 29 C.F.R. §1977.12(b)(2).

24. On November 18, 2010 Healey filed a complaint with the Occupational Safety and Health Administration (OSHA), U. S. Department of Labor, alleging that she was the victim of an OSHA §11(c) violation.

25. On November 18, 2010 Healey filed a complaint with the Occupational Safety and Health Administration (OSHA), U. S. Department of Labor, alleging that health hazards existed at Fayad's office.

26. On November 19, 2010 Healey, uncertain whether she was still employed, called the closed dental office and left a message saying that she wanted to return to work but would not remove used contaminated needles from their protective caps.

27. On November 22, 2010 Mancini and Healey had a telephone conversation in which Mancini and Healey discussed Healey returning to work.  Mancini said that she

would ascertain when Fayad wanted Healey to return to work so that Fayad could show Healey how to uncap needles.

28. On November 23, 2010, in the morning, OSHA began a health inspection at Fayad's office.

29. On November 23, 2010, in the afternoon, Healey called the office to ascertain when she could return to work, leaving a message.

30. Mancini called Healey back that afternoon and told Healey that Mancini and Fayad no longer wanted Healey to return to the office.

## PRIMARY CLAIMS JUSTIFYING RELIEF

31. Defendants' requirement that Healey leave the dental office on November 18, 2010 following Healey's justified work refusal to uncap contaminated needles constituted an act of discrimination in violation of OSHA §11(c).

32. Defendants' termination of Healey's employment on November 23, 2010 following the start of an OSHA inspection on that day, an inspection resulting from Healey's having filed a health hazard complaint with OSHA, constituted a retaliatory discharge in violation of OSHA §11(c).

## ALTERNATIVE CLAIMS JUSTIFYING RELIEF

33. Even if, contrary to Plaintiff's factual allegations, the court determines that on November 18, 2010 Healey was not told to leave the dental office by the Defendants and instead left without permission before the end of her workday, Plaintiff is nonetheless entitled to the relief sought below because under the circumstances she engaged in a

justified work refusal and should be deemed to have been constructively discharged in violation of OSHA §11(c).

34.     Even if, contrary to Plaintiff's factual allegations, the court determines that Healey was no longer an employee as of November 18, 2010, Plaintiff is nonetheless entitled to the relief sought below because the Defendants' actions on November 22 and/or 23, 2010, following Healey's justified work refusal and/or following the start of an OSHA inspection resulting from Healey's health hazard complaint, constituted a retaliatory refusal to rehire in violation of OSHA §11(c).

PRAYER FOR RELIEF

WHEREFORE, cause having been shown, the Secretary prays the Court to enter an Order:

(1)     finding that the Defendants unlawfully discriminated against Healey in violation of § 11(c)(1) of the Act.

(2)     permanently enjoining the Defendants, including Fayad in his personal capacity, and their agents, servants, employees and all persons in active concert or participation with them from violating the provisions of § 11(c)(1) of the Act;

(3)     directing the Defendants, including Fayad in his personal capacity, to reimburse Healey those amounts equal to loss of wages and other benefits suffered by reason of such unlawful discrimination, plus interest calculated at the rate set forth in the Internal Revenue Code section 6621 [26 U.S.C. § 6621];

(4)     directing the Defendants, including Fayad in his personal capacity, to reimburse Healey for compensatory damages suffered by reason of such unlawful

discrimination, plus interest calculated at the rate set forth in the Internal Revenue Code section 6621 [26 U.S.C. § 6621];

     (5)    directing the Defendants to post a notice for their employees stating that the Defendants will not in any manner discriminate against employees because of their engagement in activities protected under the Act;

     (6)    granting a reasonable amount of punitive damages to be paid to Healey by the Defendants, including Fayad in his personal capacity;

     (6)    granting the Secretary her costs; and

     (7)    further ordering such other appropriate relief as may be necessary.

Respectfully submitted,

M. Patricia Smith
Solicitor for Labor

Michael D. Felsen
Regional Solicitor

*/s/ David L. Baskin*
MA  BBO No. 033010
Counsel for Whistleblower
Litigation

Attorneys for Complainant
U.S. Department of Labor

Post Office Address:
U.S. Department of Labor
Office of the Regional Solicitor
JFK Federal Building, Room E-375
Boston, Massachusetts 02203