UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
HILDA L. SOLIS, Secretary of Labor, United )
States Department of Labor          )
                                    )
         Plaintiff,                 )
                                    )
         v.                         )   Civil Action No. 11-11611-GAO
                                    )
N. TERRY FAYAD, D.M.D., P.C., and   )
N. TERRY FAYAD, D.M.D., Individually )
                                    )
         Defendants.                )
_____)

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT ON THE INDIVIDUAL LIABILITY ISSUE**
(Docket No. 14)

December 20, 2012

Boal, M.J.

## I.   Introduction

On September 14, 2011, Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor ("the Secretary") brought this action for injunctive relief and damages against defendants N. Terry Fayad, D.M.D., P.C. and N. Terry Fayad, D.M.D. ("Defendants") pursuant to 29 U.S.C. § 660(c)(1).  Docket No. 1.  The Secretary alleges that Defendants violated the Occupational Safety and Health Act ("the Act") by discharging Rhonda Healey ("Ms. Healey") after she reported Defendants to the Occupational Safety and Health Administration ("OSHA") for violations of regulations governing the handling and disposal of contaminated needles.

On July 16, 2012, the Secretary filed a motion for summary judgment.  Docket No. 14.

By her motion, the Secretary seeks a ruling that individual defendant N. Terry Fayad is a proper defendant and can be liable for all appropriate relief under the Act, specifically back pay and reinstatement. Docket No. 15. Defendants opposed the motion on August 9, 2012. Docket No. 21. The Court held a hearing on the motion on December 19, 2012. For the reasons detailed below, the motion is denied without prejudice.[1]

## II.   Factual Background

In her complaint, the Secretary seeks injunctive relief, lost wages and benefits, compensatory damages, and "all appropriate relief" from both defendants. Complaint, p. 6-7.[2] The Secretary alleges that, at all times relevant to the Complaint, both defendants were acting as a person as defined by Section 3(4) of the Act (29 U.S.C. § 652(4)) and as an employer as defined by Section 3(5) of the Act (29 U.S.C. § 652(5)). Complaint, ¶ 5.

On January 3, 2012, each defendant filed an answer to the complaint. Docket Nos. 6, 7. In their respective answers, Dr. Fayad admitted that he was a person as defined by the Act and N. Terry Fayad, D.M.D., P.C. admitted that it was an employer and a person as defined by the Act. Answer, ¶ 5, Docket Nos. 6, 7. Both defendants asserted an affirmative defense that Dr. Fayad was not a proper defendant and that he could not be held individually liable. Answer, Affirmative Defense No. 13, Docket Nos. 6, 7.

On May 16, 2012, Defendants moved to amend that affirmative defense to assert that Dr. Fayad could not be held liable in his individual capacity for the remedies of back pay or

---

[1] On August 10, 2012, the District Court referred this motion and all pretrial proceedings to this Court. Docket No. 26.

[2] The Complaint does not specifically seek reinstatement.

reinstatement under the Act. Docket Nos. 12-13. The Secretary did not oppose the motion.[3] Instead, on July 16, 2012, the Secretary filed a motion for summary judgment seeking a ruling as a matter of law that Dr. Fayad was a proper defendant and liable for all appropriate relief, including back pay and reinstatement. Docket No. 14. Defendants opposed the motion, stating that although Dr. Fayad could be named as a defendant under the Act and could be liable for compensatory and punitive damages, the remedies of back pay and reinstatement are only available against an employer. Docket No. 21, p. 2-5.

**III.    Analysis**

    A.    Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is 'genuine' if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party." Sanchez v. Alvarad, 101 F.3d 223, 227 (1st Cir. 1996) (quotations and citations omitted). A material fact is one which has "the potential to affect the outcome of the suit under the applicable law." Id. (quotations and citations omitted).

The moving party bears the initial burden of establishing that there is no genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If that burden is met, the opposing party can avoid summary judgment only by providing properly supported evidence of disputed material facts that would require trial. See id. at 324. "[T]he non-moving party 'may not rest upon mere allegation or denials of his pleading,'" but must set forth specific facts

---

[3] The District Court granted the motion to amend on July 27, 2012. Docket No. 17.

showing that there is a genuine issue for trial.  LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)).

The court must view the record in the light most favorable to the non-moving party and indulge all reasonable inferences in that party's favor.  See O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993).  "If, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate."  Walsh v. Town of Lakeville, 431 F. Supp. 2d 134, 143 (D. Mass. 2006).

      B.     Section 660(c)

Pursuant to 29 U.S.C. § 660(c), it is unlawful to discharge or discriminate against an employee because the employee filed a complaint, or instituted, or caused to be instituted a proceeding under or related to the Occupational Health and Safety Act.  29 U.S.C. § 660(c)(1).  An employee may file a complaint with the Secretary alleging discrimination on this basis.  Id. at § 660(c)(2).  If after investigation the Secretary determines that Section 660(c) has been violated, she may bring an action against the employer for injunctive relief, as well as "all appropriate relief," including reinstatement and back pay.  Id.

Dr. Fayad agrees that he is a person subject to liability but disputes that he is necessarily liable for reinstatement and back pay.[4]  Docket No. 21, p. 2-4.  The Secretary argues that the term "all appropriate relief" under Section 660(c)(2) includes reinstatement and back pay.

---

[4] The Secretary further argues that Dr. Fayad is liable as an employer under the Act pursuant to the economic reality doctrine.  Docket No. 15, p. 6-7.  However, Defendants contest and present a genuine issue of material fact as to whether Dr. Fayad is an employer in this case.  To the extent that the Secretary's motion could be construed as seeking summary judgment that Dr. Fayad is an employer for purposes of the Act, such motion is denied without prejudice.

Docket No. 15, p. 3-5.

Neither Defendant has been found liable under the Act. Indeed, the Secretary's statement of undisputed material facts only states that Dr. Fayad interacted with Ms. Healey and decided he no longer would employ her. Docket No. 16.[5] However, Defendants deny that they violated the Act, deny that Dr. Fayad decided that he would no longer employ Ms. Healey, and assert that Ms. Healey resigned from her employment. Docket No. 22. Because the parties dispute Dr. Fayad's liability, the Court cannot award the Secretary summary judgment on what type of damages may be recovered from Dr. Fayad.

Furthermore, the parties did not cite any authority that clearly states that an individual can be held liable for reinstatement and back pay under the Act. The closest case is <u>Donovan v. Diplomat Envelope Corp.</u>, 587 F. Supp. 1417 (E.D.N.Y. 1984). In that case, the Court stated that reinstatement and back pay "would appear to be designed for relief against an employer" but concluded that because Section 660(c)(2) stated "all appropriate relief," it could not "rule out the possibility that damages might under some circumstances be appropriately imposed upon an employers' officer responsible for a discriminatory discharge." <u>Diplomat Envelope Corp.</u>, 587 F. Supp. at 1425. At this stage in the litigation, where liability has not been established on the part of either defendant, the Court is unable to determine whether as a matter of law circumstances warrant the imposition of back pay and/or reinstatement against an individual.

---

[5] In her Local Rule 56.1 statement, the Secretary asserts that Dr. Fayad admitted that he decided he would no longer employ Ms. Healey, citing Dr. Fayad's answer to paragraph 30 of the complaint. Docket No. 16. However, Dr. Fayad stated in his answer that Ms. Healey quit her job and that he was not interested in employing her if she "changed her mind and wanted to work for him again." Answer, ¶ 30, Docket No. 7. In any event, the Defendants contest the facts as asserted in the Secretary's Local Rule 56.1 statement, <u>see</u> Docket No. 22, and therefore there exists a genuine issue as to a material fact.

**IV.     Conclusion**

For the foregoing reasons, I recommend that the District Court deny the Secretary's motion without prejudice.

**V.      Review By District Judge**

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge